UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| A. J. PROPERTIES, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>STANLEY BLACK & DECKER, INC.,<br><br>      Defendant. | Civil Action No.<br>11-10835-FDS |

## MEMORANDUM AND ORDER
## ON MOTION FOR CLARIFICATION OR RECONSIDERATION

**SAYLOR, J.**

This dispute concerns an $800,000 performance bond issued for the environmental remediation of a contaminated parcel of land in Worcester, Massachusetts. Plaintiff A.J. Properties, LLC alleges that defendant Stanley Black & Decker, Inc. wrongfully collected payment under the bond after it had assigned its rights to those proceeds to a third party, the Wyman-Gordon Company. As the assignee of Wyman-Gordon with respect to various agreements relating to the remediation of the property, A.J. Properties contends that it is entitled to the proceeds of the performance bond – a sum of $659,000 that Stanley collected in 2010 from the surety on the bond, United Capitol Insurance Company.

The parties filed cross-motions for summary judgment. On September 5, 2012, the Court granted in part and denied in part both motions. The Court granted partial summary judgment in favor of A.J. Properties, finding that it was indeed entitled to the proceeds of the performance bond. However, the Court also found that A.J. Properties was not entitled to summary judgment on its conversion claim. The Court further granted partial summary judgment in favor of

Stanley, dismissing A.J. Properties' claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  The Court subsequently granted A.J. Properties' motion to amend the complaint, adding a claim for post-summary judgment conversion.  Accordingly, the only two claims remaining before the Court are for conversion of the proceeds of the performance bond, both before and after summary judgment.

Stanley now moves for the Court to clarify and/or reconsider its memorandum and order on the cross-motions for summary judgment.  In support of its motion, Stanley contends that the Court misquoted language from the mortgage; misapplied the rule of *Quaranto v. Silverman*, 345 Mass. 423, 426-27 (1963); and misinterpreted the documents at issue in determining that the right to cover from United Capitol was not retained by Stanley.  The Court will treat the motion as separate motions – one for clarification as to the quoted mortgage language and another for reconsideration of the holding of its summary judgment memorandum and order.  For the reasons set forth below, the Court will grant the motion for clarification but deny the motion for reconsideration.

**I.** **Standard of Review**

A court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008).  A motion for reconsideration will be granted upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension."  *Id.*  Rule 59(e) motions cannot be used to "advance a new argument that could (and should) have been presented prior to the district court's original ruling."

*Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). Nor is a Rule 59(e) motion an appropriate means to "repeat old arguments previously considered and rejected." *Nat'l Metal Finishing Co., Inc. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

## II.     Analysis

### A.     Quoted Language from the Mortgage

Defendant takes issue with the following passage from the Court's memorandum and order:

> The rider to the mortgage defined such obligations as including 'instruments . . . executed or delivered in conjunction [with the Purchase Agreement or Environmental Compliance and Indemnity Agreement.' [citation to mortgage] The performance bond was among the instruments delivered in conjunction with the Purchase and Indemnity Agreements. Thus, it was among the rights transferred from Stanley to Wyman-Gordon so long as it was secured by the mortgage.

(Memorandum and Order at 13). Defendant contends that the mortgage is misquoted in the above passage. It contends that the mortgage "actually defined 'Obligations' as Vargo's *obligations 'under* the Purchase Agreement, the Indemnity Agreement, or *other instruments* . . . executed or delivered in conjunction therewith." (Mot. for Recon. at 1, n. 1) (emphasis added). After a careful examination of the record, the Court finds that the section of the mortgage rider was indeed misquoted. It reads, in full, as follows:

> 'Obligations' shall mean all indebtedness, obligations and liabilities of Mortgagor [Vargo Corp.] to Mortgagee [Stanley] existing on the date hereof or arising or incurred hereafter under the Purchase Agreement, the Indemnity Agreement, or other instruments at any time evidencing any thereof or executed and delivered in conjunction therewith, whether individually or collectively direct or indirect, joint or several, absolute or contingent, matured or unmatured, liquidated or unliquidated, secured or unsecured, arising thereunder or hereunder by contract, operation of law or otherwise.

Accordingly, the Court will amend its memorandum and order to reflect the previous inaccuracy. The amended sentences will read:

> The rider to the mortgage defined such obligations as including Vargo's 'indebtedness, obligations and liabilities' under 'instruments . . . executed or delivered in conjunction [with the Purchase Agreement or Environmental Compliance and Indemnity Agreement].' [citation to mortgage] The performance bond was among the instruments delivered in conjunction with the Purchase and Indemnity Agreements. Thus, any 'indebtedness, obligations, [or] liabilities' contained therein were among the rights transferred from Stanley to Wyman-Gordon so long as they were secured by the mortgage.

The Court will grant defendants' motion for clarification and replace the original memorandum and order on the docket with an amended version reflecting the above-described change.

### B.    Application of *Quaranto*

Defendant next contends that the rule of *Quaranto v. Silverman* does not apply to the performance bond at issue, and, therefore, the Court erred in relying on it. As this is a contention that the Court made a "manifest error of law," the Court will consider it. *Ruiz Rivera*, 521 F.3d at 81-82.

*Quaranto* stands for the unremarkable principle that "the assignment of a debt carries with it every remedy or security that is incidental to the subject matter of the assignment and could have been used or made available to the assignor." 345 Mass. at 426-27. Defendant first contends that *Quaranto* is applicable only in situations where a security interest is not mentioned in the assignment. Defendant, following the Massachusetts court's practice in *Quaranto,* cites Williston, Contracts (3d ed.) § 432A, Corbin, Contracts, § 907, and Restatement: Contracts § 171(2), in support of this proposition. Defendant contends that because the parties specifically mentioned and focused on the mortgage, which was a security interest, *Quaranto* is inapplicable.

Defendant further contends that because here it was the *debt* (that is, the obligations under the performance bond) that was incidental to the assignment, and the *security* (that is, the mortgage) that was the actual subject matter of the assignment, *Quaranto* should not apply.

Defendant's position, however, is an overly literal and simplistic interpretation of the rule of law at issue.  First, *Quaranto,* along with the secondary authority it cites, stands for the proposition that when a debt is assigned, so too is any security interest collateralizing it, unless that security is specifically reserved in the assignment.  Here, the parties assigned the mortgage, including the performance bond obligations, and defendant did not specifically reserve the right to collect against the surety for that bond, United Capitol.  In such a situation, the assignee obtains the right to collect against the surety if, as here, the primary debtor is insolvent.  Secondly, the fact that *Quaranto* dealt with a situation where a security interest was not the focus of the assignment does not make the rule it states inapplicable.  The focus of the court in *Quaranto* was not on the type of interest that was the main subject of the assignment, but the rights incidental to that interest.  Here, it is certainly true that the mortgage was the focus of the assignment; however, in order to fully protect that interest, the mortgage-holder had a number of incidental interests, including the debt that was part of the performance bond.

Accordingly, the Court finds that the rule of *Quaranto* was correctly applied, and defendant's motion for reconsideration will be denied as to that issue.

### C.    **Contract Interpretation**

The remainder of defendant's arguments in its motion for reconsideration simply repeat arguments raised in its summary judgment filings about the interpretation of contract terms and the parties' intent when entering into the various agreements at issue.  To the extent that they are

slightly novel, there is no reason why the arguments could not have been raised in defendant's brief in support of its summary judgment motion, its opposition to plaintiff's summary judgment motion, or its reply to plaintiff's opposition. As stated at the outset, on a motion for reconsideration, the Court will not entertain "old arguments previously considered and rejected" or "new argument[s] that could (and should) have been presented prior to the district court's original ruling." *Nat'l Metal Finishing*, 899 F.2d at 123; *Cochran*, 328 F.3d at 11.

Accordingly, the Court will deny defendant's motion for reconsideration with respect to its interpretation of the documents at issue.

### III. Conclusion

For the foregoing reasons, the defendant's motion for clarification is GRANTED, and the defendant's motion for reconsideration is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: February 4, 2013