**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| A. J. PROPERTIES, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-10835-FDS |
| STANLEY BLACK & DECKER, INC., | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON DEFENDANT'S MOTION**
**TO LIFT STAY AND AMEND ITS ANSWER**

**SAYLOR, J.**

This is a dispute concerning the proceeds from a performance bond issued for the environmental remediation of a contaminated parcel of land in Worcester, Massachusetts. Plaintiff A.J. Properties, LLC alleges that defendant Stanley Black & Decker, Inc. wrongfully collected payment under the bond after it had assigned its rights to those proceeds to a third party, the Wyman-Gordon Company, which in turn allegedly assigned them to A.J. Properties. Jurisdiction is based on diversity of citizenship.

The Court granted partial summary judgment for A.J. Properties, holding that it had been assigned Stanley's interest in the proceeds of the performance bond. The key issue on summary judgment was whether the right to collect from the surety to the performance bond was included in the series of assignments. After holding that it was so included, and granting summary judgment for plaintiff on that basis, the Court stayed the case and certified the underlying question of state law to the SJC pursuant to the method detailed in Supreme Judicial Court Rule

1:03.  *See In re Hundley*, 603 F.3d 95, 97 (1st Cir. 2010).  The SJC has yet to decide the issue.

According to Stanley, during the course of preparing its brief to the SJC, it discovered a release filed in the Registry of Deeds, signed by A.J. Properties, that it contends moots the present dispute.  Stanley contends that the document released it from all future claims related to the property at issue, including the claim to the proceeds of the performance bond that is at the center of this dispute.  Stanley has now moved to lift the stay and grant it leave to amend its answer to include the release as an affirmative defense.  A.J. Properties opposes Stanley's motion, contending that it is untimely, and in any event futile because the release does not extend to the claim at issue here.

**I.**     **Analysis**

Fed. R. Civ. P. 15(a)(2) provides that leave to amend pleadings should be "freely given . . . when justice so requires."  Nonetheless, amendment may be denied for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Plaintiff does not allege any bad faith or dilatory motive on the part of defendant in seeking leave to amend.  Plaintiff does, however, contend that the proposed amendment is untimely, unduly prejudicial, and futile.

As to its timeliness, defendant contends that the release is newly discovered.  Plaintiff disputes this point, citing the disclosure of an earlier draft of the release during discovery and the fact that the release has apparently been on file with the Registry of Deeds since 2003.  However, the fact that plaintiff and its counsel had no knowledge of the release prior to the

present motion is strong evidence that its appearance was a novel, unexpected discovery. Plaintiff correctly points out that, in this circuit, when a motion to amend is brought after the deadline established by the district court's scheduling order, the motion can be granted only upon a showing of good cause. *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154–55 (1st Cir. 2004); Fed. R. Civ. P. 16(b)(4). However, it is also well-established that the unexpected discovery of new evidence can amount to good cause. *See, e.g., Fed. Ins. Co. v. Boston Water & Sewer Comm'n*, 551 F. Supp. 2d 117, 119 (D. Mass. 2008) (noting that where a party desires to amend a complaint after an opponent has moved for summary judgment, the proposed amendment must be supported by "substantial and convincing evidence"); *cf. Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 806 (1st Cir. 1987) (holding that a motion to amend may be denied when "the additional allegations contained *no newly discovered evidence* . . . that would change . . . [the] basic claims") (emphasis added). Furthermore, the scheduling order put in place by the Court included an expedited timetable based on the parties' belief that all of the necessary documents had already been exchanged. The discovery of this new release calls that assumption into question, undermining the rationale behind the scheduling order in the first instance.

      Plaintiff contends that the release is not in fact newly discovered, because it is not materially different from the earlier draft that was produced in discovery. Plaintiff concedes that the produced release contains different language but contends that because it purported to cover "any and all claims" that "the Releasors may now or hereafter have against Stanley" arising out of the contamination of the property, it was just as broad as the newer version recorded in the Registry. The Court, however, need not determine whether the releases had the same legal

effect. It is undisputed that the release that is the subject of the proposed amendment was not produced in discovery, and that it is newly discovered at least as far as current counsel are concerned. For the reasons set forth below, there is also reason to believe that this new evidence could affect the outcome of the dispute.

Plaintiff further contends that even if the release is newly discovered, permitting an amendment to the answer now would be unduly prejudicial. According to plaintiff, it would be unfair to permit defendant "to delve into this issue at the penultimate phase of the litigation," because it would nullify the time and money spent over the past year and a half and would unduly delay the SJC proceeding. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). Although it is certainly unfortunate that this proposed amendment comes at such a late hour, it is hard to see how it unfairly prejudices plaintiff going forward. The issue of the release is a very narrow one that would require minimal briefing. The SJC proceeding is in its relative infancy, and the lifting of the stay to resolve this issue may actually save that court from engaging in an unnecessary determination of the more complicated question now before it. Accordingly, the Court will not deny the motion for leave to amend on the basis that is untimely.

Finally, plaintiff contends that the Court should refrain from granting leave to amend because the proposed amendment is futile. Specifically, plaintiff contends that the scope of the release includes neither a claim to the proceeds of the performance bond nor a claim based on defendant's wrongful intentional acts. The release at issue provides as follows:

> A.J. Properties LLC, Angelo Vangos and John Vangos (each, a "Releasor" and together, the "Releasors") . . . hereby release, remise and forever discharge [Stanley and Wyman-Gordon] . . . of and from all present, future and contingent claims, acts, debts, demands, actions, causes of action, suits, dues, sum and sums of money, guarantees, bonds, specialties, covenants, contracts, accounts, reckonings, controversies, agreements, promises, representations, restitutions,

4

> doings, omissions, variances, damages, executions and liabilities whatsoever of every name and nature, both in law and in equity . . . whether asserted or unasserted, known or unknown and whether based on negligence, intentional acts, strict liability or any other theory, and which the Releasors may now or hereafter have against Stanley . . . from the beginning of the world specifically arising out of or in connection with . . . 149 Washington Street, Worcester, Massachusetts.

(Mot. to Am. at Ex. 1). The language of the release does include "future . . . claims . . . specifically arising . . . in connection with 149 Washington Street." (*Id.*). It is undisputed that the performance bond related to the environmental remediation of the property at 149 Washington Street. Furthermore, plaintiff's claim to the proceeds of the insurance bond is based on a rider to the mortgage on that property. Consequently, it is difficult to see how plaintiff's claim does not "specifically aris[e] in connection with 149 Washington Street." (*Id.*). In any event, the Court need not decide the scope of the release as a matter of law here without the benefit of full briefing on the issue. It is enough for present purposes to note that the amendment potentially encompasses the claim at issue. Accordingly, the motion for leave to amend will not be denied on the ground that it is futile.

As to lifting the stay, there is no dispute, nor can there be, that the Court has the power to lift the stay that it imposed and decide underlying questions of law not submitted to the SJC by certified question. *See Ex Parte Peterson*, 253 U.S. 300, 312 (1920) ("Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties."). Here, there is reason to believe that the affirmative defense of release could moot the question that this Court previously certified to the SJC. Accordingly, in the interest of judicial economy, the Court will lift the stay and notify the SJC that it may ask this Court to withdraw the certified question, dismiss the matter without prejudice to its renewal, or refrain from considering the certified question until this Court

resolves the newly presented issue of release.

## II.     Conclusion

For the foregoing reasons, defendant's motion to lift the stay and for leave to amend is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  August 7, 2013